### FORDHAM v. MUNSON S. S. LINE.

District Court, S. D. New York.

Dec. 20, 1933.

Bigham, Englar, Jones & Houston, of New York City (Richard F. Shaw, of counsel); for libelant.

Irving L. Evans, of New York City, for respondent.

PATTERSON, District Judge.

Two suits in admiralty were brought by the libelant to recover pilotage fees. The libelant holds a license to navigate that part of the East river known as Hell Gate, such license being issued by the board of commissioners of pilots of the state of New York. The first case involves the steamship Profit, a foreign vessel under charter to the respondent. On September 5, 1930, the libelant tendered his services to the master of the Profit to take the vessel through Hell Gate. The Profit was then lying 'at Oak Point, Bronx. The offer was declined. A few hours later the Profit proceeded down the East river bound to see, passing through Hell Gate under the pilotage of one Rasmussen, a New York pilot who had a license from the United States covering New York harbor but had no Hell Gate license from the state of New York.

The second case involves the steamship Margit, also a foreign vessel. On November 20, 1929, the libelant offered his services as a Hell Gate pilot to the Margit, of which the respondent was the consignee. The Margit was then tied up at Potts Cove, Astoria, which is on the south side of Hell Gate. The services were rejected. The Margit was taken down the East river to a destination in Brooklyn, necessarily passing through the lower part of Hell Gate, and it is conceded that no Hell Gate pilot was on board.

The jurisdiction of the District Court as a court of admiralty is beyond doubt. This is true although the pilotage fee sought is one imposed by the state·laws. Hobart v. Drogan, 10 Pet. 108, 9 L. Ed. 363; In re McNiel, 13 Wall. 236, 20 L. Ed. 624.

On the merits I see no escape from the conclusion that the respondent is liable in both cases for the pilotage fee fixed by the state statutes. The New York statutes provide for the appointment of pilots to guide vessels "through the channel of the East River, commonly called Hellgate," such pilots to be under control of the board of commissioners of pilots for the port of New York. It is made a misdemeanor for a person other than a Hell Gate pilot to pilot a vessel through Hell Gate, except where the vessel is propelled by steam and is in the coasting trade (section 2130, Consolidation Act N. Y. [Laws 1882, c. 410]). Among other provisions is the following (section 2133, as amended by Laws 1895, c. 691, § 1):

"And all foreign vessels and vessels under register navigating the channel of Hell Gate, who shall be spoken, shall be subject to the pilotage fees as provided in section 2129 to the first pilot who tenders his services."

This statute covers the two cases before the court. Both vessels were foreign; both

navigated Hell Gate; the libelant was the first Hell Gate pilot to offer his services. It does not matter that the Margit did not navigate the entire length of the Hell Gate channel, nor does it matter that her destination was merely another point in New York harbor. It does not matter that both vessels were obliged to hire a Sandy Hook pilot later in order to leave the harbor. The other points pressed by the respondent are equally unsubstantial. The payment of the fees may be an onerous and useless burden, but that is a consideration for the lawmakers rather than the courts.

The state statutes are not in contravention of any statute passed by Congress. While the power of Congress over pilotage in ports of the United States is paramount, that power has never been exercised to the full extent, the subject being left in the main to the control of the several states. Act August 7, 1789, c. 9, § 4 (46 USCA § 211). There is a prohibition against the levy of pilot charges on any steamer carrying a pilot with a federal license for the locality (Act February 28, 1871, c. 100, § 51 [46 USCA § 215]) but the context indicates that this prohibition applies only to coastwise steam vessels not under register. Anderson v. Pacific Coast Steamship Co., 225 U. S. 187, 32 S. Ct. 626, 56 L. Ed. 1047.

The libelant will recover the amount demanded in each case—$30 in the case of the Profit, and $55 in the case of the Margit.